```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES              :
                           :
     v.                    :    Civ. No. 3:02cr153(AHN)
                           :
TIHEBA BAIN                :
                           :
                           :
```

RULING ON MOTION FOR SENTENCING TRANSCRIPT

Now pending before this court is Tiheba Bain's ("Bain") motion for a free sentencing transcript [dkt. #69]. For the reasons discussed below, Bain's motion is denied.

FACTS AND PROCEDURAL HISTORY

On September 13, 2002, after a full canvas by this court, Bain pleaded guilty to one count of kidnapping in violation of 18 U.S.C. § 1201(a). As part of her plea agreement, Bain agreed that she "will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 168 months . . . ." She further acknowledged that she "waiv[ed] her appellate rights knowingly and intelligently." On December 12, 2002, the court sentenced Bain to 135-months imprisonment and five-years supervised release. Throughout these proceedings, Bain was represented by a federal public defender.

DISCUSSION

Bain moves for a free transcript pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 30006A. Bain summarily states that she is indigent and unable to purchase a transcript, which she claims is necessary for a petition for "executive clemency."[1] Under these circumstances, the court finds that Bain is not entitled to a free transcript.

Even if the court assumes that Bain is indigent and could qualify to proceed in forma pauperis, the Supreme Court has made clear that a court may only expend public funds to provide free transcripts when authorized by Congress. See United States v. MacCollom, 426 U.S. 317, 322-24 (1976) (finding that a habeas corpus petitioner does not have a constitutional right to a free transcript). No specific statute authorizes a district court to provide a free transcript to an indigent petitioning for executive clemency. While the CJA allows appointed counsel to request reimbursement for "other services," Bain is not currently represented by CJA counsel, and more important, the CJA does not provide for the appointment of counsel for extrajudicial proceedings, like petitions for executive clemency. See 18 U.S.C. § 3006A(a)(2)(B) (stating that if "the interests of justice so require, representation may be provided for any

---

[1] Bain's fill-in-the-blank motion describes an "attached affidavit" demonstrating her indigence, but no affidavit was filed with her motion.

financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28").

Other statutes not cited by Bain permit a court to order free transcripts for an indigent preparing a non-frivolous appeal or a habeas petition. <u>See, e.g.</u>, 28 U.S.C. § 753(f) (permitting a court to provide an petitioner proceeding in forma pauperis with a free transcript in habeas corpus proceedings where the court certifies that the petition is not frivolous). But these statutes do not apply to Bain because she waived her rights to appeal or collaterally attack her sentence. Absent statutory authority to expend public funds, the court cannot provide Bain with a sentencing transcript at the public's expense.

<u>CONCLUSION</u>

For the foregoing reasons, Bain's motion for a free sentencing transcript [dkt. # 69] is DENIED.

SO ORDERED this _____ day of December, 2006 at Bridgeport, Connecticut.

_____
Alan H. Nevas
United States District Judge